UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SMITH MARINE TOWING CORPORATION AND KJS TOWING, INC. | * * * * | CIVIL ACTION |
| VERSUS | * * | NO. 15-5492 |
| EPL OIL & GAS, INC., ENERGY XXI GOM, LLC AND ENI US OPERATING CO., INC. | * * * | SECTION: "L" (4) |

**ORDER & REASONS**

Before the Court is a Motion for Summary Judgment (R. Doc. 23) filed by Defendants EPL Oil & Gas, Inc. ("EPL"), Energy XXI GOM, LLC ("Energy XXI"), and Eni US Operating Co. Inc. ("Eni," and collectively with EPL and Energy XXI, "Defendants"). Having reviewed the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

**I.     BACKGROUND**

Plaintiff Smith Marine Towing Corporation ("Smith Marine") provides marine towing equipment and towing services for the oil and gas industry. (R. Doc. 1). In connection with this work, it operates a fleet of vessels including the M/V SMITH PREDATOR, which is owned by Plaintiff KJS Towing, Inc. ("KJS Towing"). The M/V SMITH PREDATOR worked in conjunction with the D/B CAL DIVE PACIFIC, which requires the use of assist tugs such as the M/V SMITH PREDATOR to maneuver and position. Specifically, work was performed in Main Pass 72, Main Pass 244 and Ship Shoal 248. Smith Marine issued two invoices to Cal Dive in connection with this work. Both remain unpaid. In March of 2015 Cal Dive initiated bankruptcy proceedings in the United States District Court for the District of Delaware, which are ongoing at this time.

It is believed that contracts exist between Cal Dive and the customers for whom the D/B CAL DIVE PACIFIC was working during this time. However, no discovery has been exchanged and Smith Marine neither has copies of these contracts nor knows the identity of some of Cal Dive's customers.

On April 13, 2015, Plaintiffs filed Statements of Privilege in the mortgage records of Plaquemines and Terrebonne Parish in connection with one of the aforementioned invoices. Defendants were identified based upon information obtained from the U.S. Bureau of Ocean Energy Management indicating that they were the owners, operators or lessees of oil and gas wells in the offshore locations where the work was performed.

On October 27, 2015, Plaintiffs commenced this action by filing a complaint against the Defendants seeking recognition of a lien pursuant to the Louisiana Oil Well Lien Act, La. Rev. Stat. § 9:4861, *et seq*., ("LOWLA") for the towing services performed by the Plaintiffs. Alternatively, Plaintiffs asserted causes of action for unjust enrichment and as third party beneficiaries of the contracts between Cal Dive and its customers.

To date, no discovery has been completed. Plaintiffs propounded written discovery to Defendants, but Defendants objected to providing responses. Initial disclosures have not been exchanged.

## II.     PRESENT MOTION

Defendants move for summary judgment, arguing that Plaintiffs have no enforceable lien pursuant to LOWLA because Plaintiffs failed to timely send notice of their statement of lien and privilege within the time prescribed by Louisiana law. Defendants argue further that Plaintiffs cannot recover under unjust enrichment because the law provides them with other legal remedies and that Plaintiffs cannot establish that Defendants would be liable as third party beneficiaries

under Louisiana law.  Plaintiffs argue that summary judgment is inappropriate at this early stage in the litigation because no discovery has been exchanged.  Accordingly, Plaintiffs move for discovery pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

### III.   LAW AND ANALYSIS

Summary judgment is appropriate when "the pleadings, *the discovery* and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)) (emphasis added); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir.2008).  An entry of summary judgment should be granted only "after adequate time for discovery."  *Celotex Corp.*, 447 U.S. at 322.

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322.  The opposing party may move to deny or defer the motion for summary judgment on the grounds that additional discovery is needed to adequately respond.  Federal Rule 56(d) provides that when facts are unavailable to the nonmovant, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order

Additionally, Rule 56(f) permits further discovery in order "to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

Considering the foregoing, Defendants' motion for summary judgment is premature. Initial disclosures have not been exchanged, a preliminary scheduling conference has not taken place, and no discovery has been conducted. Plaintiffs are entitled to discovery regarding the applicable contracts between Defendants and Cal Dive. Before the contracts and other relevant discovery is reviewed, it is premature for this Court to make legal determinations as there may be facts in dispute.

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' retain their right to re-urge this motion after discovery has been exchanged.

*[Signature: Eldon E. Fallon]*